UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEAN S. HAZEL, | Case No. 11-12165 |
| Plaintiff, | David M. Lawson |
| v. | United States District Judge |
| MONROE COUNTY SHERIFF DEPUTY BRIAN QUINN, | Michael Hluchaniuk United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION FOR SUMMARY JUDGMENT (Dkt. 20)**

**I.     PROCEDURAL HISTORY**

Plaintiff Dean S. Hazel filed his initial Complaint and Jury Demand on May 17, 2011, (Dkt. 1), and his First Amended Complaint and Demand for Jury Trial on December 2, 2011, claiming violation of his First Amendment rights under 42 U.S.C. § 1983.  (Dkt. 15).  On May 25, 2011, District Judge David M. Lawson referred this matter to the undersigned for general case management.  (Dkt. 4).  On June 20, 2012, Defendant Monroe County Sheriff Deputy Brian Quinn filed his motion for summary judgment.  (Dkt. 20).  Plaintiff filed a response on July 23, 2012.  (Dkt. 22).  On August 1, 2012, defendant filed a reply.  (Dkt. 23).  The undersigned held a hearing on defendant's motion on September 26, 2012.  This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED**, and that plaintiff's complaint be **DISMISSED** with prejudice.

## II.    FACTUAL BACKGROUND

On May 17, 2008, defendant conducted a traffic stop of plaintiff while plaintiff was driving a 1995 Mercury Tracer vehicle. At the time of the traffic stop, plaintiff was not wearing the shoulder belt portion of his seatbelt, and was only wearing the lap belt unit. Defendant therefore could not see that plaintiff was wearing his seatbelt prior to approaching the vehicle. Plaintiff's vehicle also had a large sign affixed to the center of the rear window of the vehicle. The sign stated: "Ron Paul, Hope for America."

Defendant issued plaintiff two civil infraction violations: one for failure to properly wear his seatbelt in violation of MCL 257.710(e)(3) and one for obstruction of the vehicle's rear window in violation of MCL 257.709(2). Plaintiff admits that he was advised that if he removed the sign, the ticket for obstruction of the rear window would be dismissed. (Dkt. 22-5). Defendant filed both civil infractions in a citation with the Monroe County district court.

Plaintiff never removed the campaign sign from the vehicle's rear window and instead requested a formal hearing as to both infractions. The citation was scheduled for a hearing on August 26, 2008. At that time, the prosecutor moved to

dismiss the obstructed rear window violation. The district court dismissed the obstructed rear window violation, over plaintiff's objection. (Dkt. 22-2). MCL 257.709 provides, in relevant part:

> A person shall not drive a motor vehicle if driver visibility through the rear window is obstructed, unless the vehicle is equipped with 2 rearview mirrors, 1 on each side, adjusted so that the operator has a clear view of the highway behind the vehicle.

MCL 257.709(2). Plaintiff's vehicle was equipped with a center windshield-mounted rear window mirror and four side view mirrors mounted on the sides of the vehicle.[1] Defendant explained that he was mistaken as to all of the elements of the statute at the time he issued the ticket to plaintiff, and that he did not know, at that time, that an obstruction of the driver's view through the rear window was permissible if the vehicle was equipped with two side mirrors. (Dkt. 22-9).

The Monroe County district court noted that defendant had a legitimate basis to stop plaintiff for the seatbelt violation, based on plaintiff's failure to wear the shoulder harness portion of the seatbelt. But because plaintiff was wearing the lap belt unit at the time of the stop, the court dismissed the citation for failure to wear a seatbelt. (Dkt. 22-2).

---

[1] Plaintiff explained that his vehicle was equipped with two side view mirrors, and each side view mirror also had a smaller, wide-angle mirror attached. (Dkt. 22-5).

Plaintiff now brings this action alleging that defendant violated his First Amendment rights, based on defendant's issuance of the obstructed vision ticket for the large campaign sign in plaintiff's vehicle's rear window.

### III. ANALYSIS AND CONCLUSION

#### A. Standard of Review

Summary judgment is appropriately rendered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the moving party establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-

moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In order to fulfill this burden, the non-moving party need only demonstrate the minimal standard that a jury could ostensibly find in his favor. *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 251.

### B. Plaintiff's 42 U.S.C. § 1983 First Amendment Retaliation Claim

Plaintiff alleges that defendant retaliated against him in violation of 42 U.S.C. § 1983 when defendant issued plaintiff the ticket for obstruction of his vehicle's rear window, "forcing the [p]laintiff to defend himself in Court and waste his time and energy to protect his right to free speech." (Dkt. 15). In order to prevail on a claim for retaliation under 42 U.S.C. § 1983, a plaintiff must prove that (1) he was engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).

The parties do not dispute that display of the campaign sign constitutes

protected conduct and thus satisfies the first prong of the test. Defendant, however, claims that plaintiff cannot meet his burden to prove the second and third prongs of the test.

### 1. *Adverse action*

Defendant argues that plaintiff has failed to demonstrate that he suffered an adverse action sufficient to create a cause of action. In the First Amendment context, the Sixth Circuit has held that "any action that would deter a person of ordinary firmness from exercising protected conduct will [constitute an adverse action,] which may include harassment or publicizing facts damaging to a person's reputation." *Wurzelbacher*, 675 F.3d at 583 (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999)). Whether an alleged adverse action is sufficient to deter a person of ordinary firmness is generally a question of fact; however, "when a plaintiff's alleged adverse action is 'inconsequential,' resulting in nothing more than a 'de minimus injury,' the claim is properly dismissed as a matter of law." *Id.* (citing *Bell v. Johnson*, 308 F.3d 594, 603, 606 (6th Cir. 2002) (explaining that it "trivialize[s] the First Amendment to allow plaintiffs to bring . . . claims for *any* adverse action[,] no matter how minor.")).

Defendant argues that plaintiff suffered an inconsequential adverse action because the obstructed view violation was ultimately dismissed, and because plaintiff was already required to attend the court hearing on the seatbelt violation.

Plaintiff responds that the issuance of the civil infraction for obstruction of his vehicle's rear window, causing plaintiff to appear in court to oppose that infraction, constitutes a constitutionally significant adverse action, even though the violation was dismissed before the formal hearing before the court. The undersigned assumes for purposes of this motion, without deciding, that the issuance of a traffic citation, causing an individual to appear in court, could be considered more than a "de minimus injury."

### 2. *Motivation for adverse action*

The third prong of plaintiff's First Amendment retaliation claim "addresses whether the defendants' subjective motivation for taking the adverse action was at least in part to retaliate against the [individual] for engaging in protected conduct." *Hill v. Lappin*, 630 F.3d 468, 475 (6th Cir. 2010). A motivating factor is "essentially but-for cause–'without which the action being challenged simply would not have been taken.'" *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 400 (6th Cir. 2010) (quoting *Leonard v. Robinson*, 477 F.3d 347, 355 (6th Cir. 2002)).

Plaintiff's "burden is not trivial" because "[a]s courts recognize, retaliation is 'easy to allege' and 'can seldom be demonstrated by direct evidence.'" *See Manley v. Rose*, 2011 WL 7268626, at *7 (W.D. Mich. Dec. 5, 2011) (citing *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich. July 19, 2006) (quoting *Murphy v.*

*Lane*, 833 F.2d 106, 108 (7th Cir. 1987)), *R&R adopted*, 2012 WL 425784 (W.D. Mich. Feb. 9, 2012). Nonetheless, "[w]hen assessing motive in the context of a summary judgment motion, bare allegations of malice do not suffice to establish a constitutional claim." "[S]ome evidence of retaliatory motive is required," and "conclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state a . . . claim." *See Hill*, 630 F.3d at 475 (citation omitted); *Vereecke*, 609 F.3d at 399-400 (explaining that a plaintiff must support his allegations of retaliatory animus with "specific, nonconclusory allegations . . . that could support a jury verdict at trial") (citing *Thaddeus-X*, 175 F.3d at 399-400)).

If the plaintiff can show that the defendant's action was at least partially motivated by plaintiff's protected conduct, then the burden shifts to the defendant to show that he would have taken the same action even absent such protected conduct. *Vereecke*, 609 F.3d at 399-400. If defendant demonstrates that he "would have taken the same action even without the protected activity," he is entitled to summary judgment. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007).

Plaintiff's First Amendment retaliation claim fails because he has failed to come forward with evidence that defendant was motivated by the *content* of the campaign sign in the rear window of plaintiff's vehicle, as opposed to the physical location of the large sign in the vehicle's rear window–irrespective of the sign's

content–when issuing the civil infraction violation. *See Wurzelbacher*, 675 F.3d at 583. Plaintiff has not offered direct evidence of defendant's alleged retaliatory intent, and instead seeks to rely on circumstantial evidence to demonstrate retaliatory animus.

Plaintiff argues that defendant's retaliatory intent can be inferred by (1) defendant's issuance of the obstructed vision infraction shortly after viewing plaintiff's vehicle and the campaign sign; (2) defendant's knowledge that Ron Paul was a Presidential candidate; and (3) that defendant had never issued a ticket for obstructed rear vision before. Plaintiff also claims he told defendant that the placard did not obstruct his rear vision. (Dkt. 22). Plaintiff, however, has failed to meet his burden to present "significant probative evidence" establishing that "there is a genuine issue for trial" on his retaliation claim. *See Jones v. City of Allen Park*, 167 Fed. Appx. 398, 408 (6th Cir. 2006).

First, with regard to timing, it is well-established Sixth Circuit law that "[t]he mere proximity in time of the allegedly retaliatory act to the plaintiff's exercise of his constitutional right is not enough to establish causation." *Id.* (citing *Cushman-Lagerstrom v. Citizens Ins. Co. of Am.*, 72 Fed. Appx. 322, 332 (6th Cir. 2003)); *see also Vereecke*, 609 F.3d at 400 ("Substantial case law from this circuit cautions about the permissibility of drawing an inference of causation from temporal proximity alone."). Whether temporal proximity establishes an

inference of retaliatory motive depends upon the totality of the circumstances. *See Vereecke*, 609 F.3d at 401.

Plaintiff does not dispute that defendant had probable cause to stop him for the seatbelt violation, and defendant issued the civil infraction for obstructed rear view at the same time. (Dkt. 22-5). The timing of the obstructed view ticket is logically tied to the traffic stop and issuance of the ticket for the seatbelt violation, which plaintiff does not claim is retaliatory. Thus, the timing of the issuance of the ticket alone fails to raise an inference that plaintiff's protected conduct was a motivating factor behind any harm. *See LaFountain v. Mikkelsen*, 478 Fed. Appx. 989, 993 (6th Cir. 2012) (finding that the closeness in time between the alleged protected conduct and the issuance of a misconduct ticket "is easily explained by the fact that LaFountain disobeyed a direct order during the same time period–a fact LaFountain admits").

Plaintiff's remaining allegations similarly fail to demonstrate defendant's subjective retaliatory *intent* sufficient to survive summary judgment. It is plaintiff's burden to support his allegations of retaliatory animus with "specific, nonconclusory allegations" demonstrating that but for plaintiff's protected conduct, defendant would not have issued the obstructed view ticket. *See Vereecke*, 609 F.3d at 399-400. Plaintiff argues only that defendant's retaliatory intent can be inferred because defendant had never issued a similar infraction

before and defendant knew Ron Paul was a Presidential candidate. These conclusory allegations fail to meet plaintiff's burden to establish that but for his protected conduct, defendant would not have issued the obstructed view ticket. Defendant's error in issuing the infraction, based on his misunderstanding of all of the elements of MCL 257.709, and defendant's mere admitted knowledge of the identity of a Presidential candidate, simply do not constitute evidence of retaliatory animus sufficient to support a First Amendment retaliation claim. Plaintiff therefore has failed to come forward with evidence connecting his protected conduct with defendant's decision to write the obstructed view ticket.

Finally, even if plaintiff had met his burden of establishing that his protected conduct was at least a partially-motivating factor behind his claimed harm, defendant offered unrebutted testimony that he would have issued the obstructed view infraction regardless of the content of the language on the sign. (Dkt. 22-9). Plaintiff has pointed to no evidence contradicting defendant's claim. Because there is no genuine dispute as to whether defendant would have issued the obstructed view ticket even in the absence of protected activity, plaintiff has failed to produce evidence sufficient to defeat defendant's motion for summary judgment. *See Thomas*, 481 F.3d at 440.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that defendant's

motion for summary judgment be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

| | |
|---|---|
| Date: January 11, 2013 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

### CERTIFICATE OF SERVICE

I certify that on January 11, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Shaun P. Godwin and S. Randall Field.

s/Tammy Hallwood<br>
Case Manager<br>
(810) 341-7887<br>
tammy_hallwood@mied.uscourts.gov
