UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN S. HAZEL,

               Plaintiff,

v.                                                        Case Number 11-12165
                                                          Honorable David M. Lawson
                                                          Magistrate Judge Michael Hluchaniuk

BRIAN QUINN,

               Defendant.

_____/

**OPINION AND ORDER REJECTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, SUSTAINING PLAINTIFF'S OBJECTIONS
TO REPORT AND RECOMMENDATION, DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT, VACATING ORDER OF REFERENCE,
AND SCHEDULING STATUS CONFERENCE**

The matter is before the Court on the plaintiff's objections to the report filed by Magistrate

Judge Michael Hluchaniuk recommending that the defendant's motion for summary judgment be

granted and the case dismissed.  The plaintiff filed a *pro se* complaint in this Court alleging that the

defendant, a police officer, retaliated against him in violation of the First Amendment when the

defendant issued traffic citations to the plaintiff for driving a car with its rear window obliterated

by a Ron-Paul-for-President campaign sign and not wearing a seatbelt.  The Court entered an order

referring the case to Magistrate Judge Hluchaniuk to conduct all pretrial matters, after which counsel

filed an appearance for the plaintiff and the defendant filed his motion for summary judgment.

Judge Hluchaniuk filed his report on January 11, 2013 recommending that the motion be granted.

The plaintiff filed objections and the defendant responded.  The case is now before the Court for

fresh review of the case in light of the objections filed.  After due consideration, the Court finds that

fact questions preclude summary judgment and therefore respectfully disagrees with the magistrate

judge.  The motion for summary judgment will be denied and the order of reference will be vacated so the matter can proceed to trial before the Court.

I.

The basic facts of the case do not appear to be disputed.  On May 17, 2008, plaintiff Dean Hazel was driving his 1995 Mercury Tracer on a public roadway in Monroe County, Michigan.  It was not apparent that he was wearing his seatbelt, as he connected only the lap belt part of the equipment and declined to use the shoulder restraint.  In the center of the rear window, the Tracer sported a large sign that read: "Ron Paul, Hope for America."

Defendant Quinn is a Monroe County sheriff deputy who was on road patrol that day.  He initiated a traffic stop and issued the plaintiff two civil infraction tickets, one for failure to wear his seatbelt properly in violation of Michigan Compiled Laws § 257.710 e(3), and the other for driving a vehicle with its rear window obstructed in violation of Michigan Compiled Laws § 257.709(2). Quinn told the plaintiff that if he removed the sign, the rear window obstruction ticket would be dismissed.

The plaintiff did not remove the campaign sign from the rear window, and he requested a formal hearing on both tickets in the Monroe County district court.  On the date scheduled for the hearing for both citations, August 26, 2008, the prosecutor moved to dismiss the obstructed rear window violation because there was no actual violation of the statute.  Michigan law states that a person may not operate a motor vehicle with an obstructed rear window "unless the vehicle is equipped with 2 rearview mirrors, 1 on each side, adjusted so that the operator has a clear view of the highway behind the vehicle."  Mich. Comp. Laws § 257.709(2).  Because the plaintiff's Tracer was equipped with side view mirrors that satisfied the statute, the prosecutor concluded that there

-2-

was no violation.  The seatbelt violation then went before the judge, who noted that defendant Quinn had a legitimate basis to stop plaintiff for that violation, since he was not wearing the shoulder harness part of the seatbelt.  But because the plaintiff was wearing the lap belt at the time, the court decided to dismiss the citation for failure to wear a seatbelt.

During discovery in this case, defendant Quinn testified that he had been in law enforcement for nearly twenty years.  He explained that he issued the obstructed view citation because he was mistaken as to the elements of the offense, not realizing that a rear window obstruction is allowed if side view mirrors provide adequate rear vision.  In fact, he said he had never issued such a citation before that date.

The defendant moved for summary judgment, arguing that the plaintiff had not established all the elements of his First Amendment retaliation claim.  The magistrate judge agreed.  Of the three elements of a retaliation claim — protected conduct, adverse action, and a causal link — the magistrate judge focused the dispute on the third, causation.  He found that the display of the campaign sign constituted protected conduct, and issuance of the obstructed view citation amounted to adverse action.  The defendant has not filed objections to that part of the report and recommendation.  However, the magistrate judge concluded that the plaintiff had not brought forth sufficient evidence to establish that the defendant issued the citation because the plaintiff engaged in the protected conduct, and also concluded that the evidence showed that Quinn would have taken the same action regardless of the protected conduct.

II.

The plaintiff filed three objections to the report and recommendation.  First, the plaintiff objects that the magistrate judge impermissibly resolved factual disputes and drew inferences in

-3-

favor of the moving party. Second, although the magistrate judge did not rule otherwise, the plaintiff objects, insisting that he has provided sufficient evidence to demonstrate that an adverse action was taken against him.

Third, the plaintiff argues that he has provided sufficient evidence of a causal connection between the protected conduct and the adverse action and that the defendant failed to present a legitimate reason for the adverse action. He contends that causation can be shown through temporal proximity alone. He also points out that the defendant told him that he had to remove his sign and noted on the citation that the sign was for Ron Paul. The plaintiff also notes that the defendant had never issued a citation for obstructed rear view before and states that the defendant's attitude and conduct during the stop led him to believe that the citation was politically motivated.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). In addition, the parties' failure to file objections to the report and recommendation waives any further right to appeal. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Under Federal Rule of Civil Procedure 56 — the summary judgment rule — the party bringing the summary judgment motion has the initial burden of informing the court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute

-4-

over material facts. *Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). If the party opposing the motion contends facts are in dispute, he may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the non-moving party, after sufficient opportunity for discovery, is unable to meet his burden of proof, summary judgment is clearly proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

To prevail on a First Amendment retaliation claim, a plaintiff must show that (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and "(3) there is a causal connection between elements one and two — that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc); *see also Evans-Marshall v. Board of Educ. of Tipp City Exempted Vill. Sch. Dist.*, 624 F.3d 332, 337 (6th Cir. 2010). Notwithstanding a showing of all three, the defendant may escape liability by showing that he would have taken the same action in the absence of the protected activity. *Thaddeus-X*, 175 F.3d at 399; *see also Jenkins v. Rock Hill Local Sch. Dist.*, 513 F.3d 580, 586 (6th Cir. 2008).

-5-

A.  Causation

As mentioned above, the main dispute framed by the magistrate judge's report and the objections filed deals with the third element of the claim.  Proof of causation requires some evidence of the defendant's motivation in taking the adverse action, that is, that he was moved to take such action because the plaintiff engaged in protected speech.  As the Sixth Circuit has explained:

> protected speech causes an adverse action if the speech motivates an individual actor to take acts that then proximately cause an adverse action.  Subjective motivation appropriately enters the picture on a retaliation claim because our concern is with actions by public officials taken with the intent to deter the rights to free expression guaranteed under the First Amendment.  *Bloch v. Ribar*, 156 F.3d 673, 681-82 (6th Cir. 1998) ("[A]n act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper.") (internal quotation marks omitted).  Thus, causation in retaliatory claims may really be considered a two-part inquiry: A plaintiff must show both (1) that the adverse action was proximately caused by an individual defendant's acts, *Siggers-El v. Barlow*, 412 F.3d 693, 702 (6th Cir. 2005), but also (2) that the individual taking those acts was "motivated in substantial part by a desire to punish an individual for exercise of a constitutional right," *Thaddeus-X*, 175 F.3d at 386.

*King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012).  When determining whether an individual had a retaliatory motive, it must be remembered that "retaliation 'rarely can be supported with direct evidence of intent.'"  *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)).  That is why "[c]ircumstantial evidence, like the timing of events or the disparate treatment of similarly situated individuals, is appropriate" to consider when determining whether a genuine issue of fact exists on that element of a First Amendment retaliation claim.  *Thaddeus-X*, 175 F.3d at 399.

The Sixth Circuit has "considered the temporal proximity between protected conduct and retaliatory acts as creating an inference of retaliatory motive."  *King*, 680 F.3d at 695.  "In theory, temporal proximity between the protected conduct and the adverse action, standing alone, may be

-6-

significant enough to create an inference of retaliatory motive." *Coleman v. Bowerman*, 474 F. App'x 435, 437 (6th Cir. 2012) (citing *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004)). "However, when other evidence of retaliatory motive is lacking, [the Sixth Circuit has] been reluctant to hold that temporal proximity is sufficient to establish causation." *Ibid.* (citing *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001)). In analyzing claims based on temporal proximity, courts must look to "the totality of the circumstances to determine whether an inference of retaliatory motive could be drawn." *Vereecke v. Huron Valley School Dist.*, 609 F.3d 392, 401 (6th Cir. 2010)). The Sixth Circuit's "case law can fairly be characterized as recognizing the possibility that, on a particular set of facts, extremely close temporal proximity could permit an inference of retaliatory motive, but also recognizing that often evidence in addition to temporal proximity is required to permit the inference." *Ibid.*

In this case, the adverse action was, essentially, contemporaneous with the protected conduct. The magistrate judge concludes that *that* fact was insufficient to demonstrate retaliatory intent because the timing of the ticket was logically related to the traffic stop. The magistrate judge relied primarily on *Vereecke* and *LaFountain v. Mikkelsen*, 478 F. App'x 989, 993 (6th Cir. 2012), when he suggested that there was no evidence of causation. But there was other evidence, circumstantial though it was, from which a fact finder could infer retaliatory intent. The evidence in the record is that (1) the defendant noted on the citation that the obstruction was a "Ron Paul" campaign sign; (2) he issued the citation when in fact there was no actual violation of the statute; (3) in nearly twenty years on the road, the officer had never before issued an obstructed rear view citation, even when he had seen semi trucks with obstructed rear views and vans with no rear window; and (4) he told the plaintiff that if he would remove the campaign poster, the citation would be dismissed.

Certainly, there are innocent explanations for each of these facts. On the other hand, from these facts, a jury could make the reasonable inference that issuance of the obstructed view citation was politically motivated. Choosing which inference to accept, however, is not the business of the Court, at least at the summary judgment stage. *Kalamazoo River Study Group v. Rockwell Intern. Corp.*, 171 F.3d 1065, 1072 (6th Cir. 1999) (stating that "credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge" (citing *Anderson*, 477 U.S. at 255)).

Those additional facts distinguish the cases upon which the magistrate judge relied. In *LaFountain*, the defendant issued the plaintiff, a prisoner, two misconduct tickets for visiting the law library without a pass and was found guilty of one by a hearing officer. *Id.* at 991. The plaintiff argued that this misconduct ticket was in retaliation for his filing a grievance against another officer and his attempts to use the law library to research a case. *Ibid.* The Sixth Circuit found that the plaintiff had not established causation because the plaintiff admitted to "engaging in the acts that formed a basis of the misconduct charge" and therefore "[t]he closeness in time between [the plaintiff's] alleged protected conduct and [the defendant's] decision to file a misconduct ticket [was] easily explained by the fact that [the plaintiff] disobeyed a direct order during the same time period." *Id.* at 993. In contrast, here, although both parties agree that the defendant had probable cause to stop the plaintiff, there was no legal basis to issue the obstructed view citation. The defendant attributes his action to a mistaken understanding of the statute, but a jury need not accept that excuse. At most, *LaFountain* suggests that the plaintiff may not rely on temporal proximity alone to establish causation. *Vereecke* likewise stands for the proposition that courts often require

-8-

evidence other than temporal proximity to give rise to an inference of causation. As noted earlier, more than temporal proximity can be found in this record

The Sixth Circuit also has cautioned that the plaintiff's burden in demonstrating causation is not "trivial" and that "the analysis of motive in retaliation claims utilizes a shifting burden that may mean early dismissal." *Thaddeus-X*, 175 F.3d at 399. If, "[o]nce the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm . . . the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Ibid*. In order to make this showing, it is not enough for the defendant to "deny the allegations put forth by the plaintiff[]." *Ibid*.

The magistrate judge concluded that even if the plaintiff met his burden of establishing causation, the "defendant offered unrebutted testimony that he would have issued the obstructed view infraction regardless of the content of the language on the sign." Rep. & Rec. at 11. But a mere denial of retaliatory intent is insufficient to permit a defendant to prevail on summary judgment. *Thaddeus-X*, 175 F.3d at 399. Again, a jury may credit the defendant's testimony rather than the inferences that the plaintiff urges. But where a defendant has offered nothing more than an unsupported assertion that he lacked retaliatory intent, he has not demonstrated his entitlement to summary judgment. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008) (holding that credibility judgments fall to the jury, not the Court on summary judgment).

### B. Adverse action

The magistrate judge "assumed" that the acting of issuing the obstructed view citation amounted to adverse action, in First Amendment parlance. As noted above, the defendant did not object to that part of the report, which waives the right to challenge that report here or on appeal.

-9-

*Smith*, 829 F.2d at 1373.  Likewise, the failure to object to an unfavorable portion of the magistrate judge's report releases the Court from its duty to independently review the issue.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Nonetheless, even though the point is conceded, the evidence in the record is sufficient to establish that the defendant's conduct constituted an adverse action.  An adverse action is one that would deter a person of ordinary firmness from continuing to engage in protected conduct.  *Thaddeus-X*, 175 F.3d at 397.  As a general rule, "[w]hether an alleged adverse action is sufficient to deter a person of ordinary firmness is generally a question of fact."  *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583-84 (6th Cir. 2012) (citing *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002)).  Certainly, trivial inconveniences and minor slights will not amount to an adverse action.  But because the plaintiff is a private citizen, "the level of injury [he] must allege would be the lower limit of a cognizable injury for a First Amendment retaliation claim."  *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 724 (6th Cir. 2010).

Courts have found that the issuance of a traffic ticket is sufficient to constitute an adverse action for the purpose of a First Amendment retaliation claim.  In *Garcia v. City of Trenton*, 348 F.3d 726 (8th Cir. 2003), the Eighth Circuit held that a reasonable jury could find that the issuance of four parking tickets totaling $35 in a two-month period would deter a person of ordinary firmness in exercising her First Amendment rights.  *Id.* at 729.  The court noted that the defendant had "engaged the punitive machinery of government in order to punish [the plaintiff] for her speaking out" and that parking tickets, although "typically only petty offenses . . . have concrete consequences."  *Ibid.*; *see also Richter v. Maryland*, 590. F. Supp. 2d 730, 734-35 (D. Md. 2008) (finding that the issuance of an "abandoned vehicle" ticket and repair order that required the plaintiff to move his car within 48 hours and repair his windshield was sufficient to deter a person of ordinary

firmness); *Persaud v. McSorely*, 275 F. Supp. 2d 490, 495 (S.D. N.Y. 2003) (stating that a plaintiff's First Amendment claim "may have survived" if the plaintiff were issued a traffic ticket for running a red light in retaliation for criticism of an accident investigation but finding that the plaintiff's conviction for running a red light "establishe[d] that there was a legitimate basis for the issuance of the ticket"). In an analogous case, the Sixth Circuit has held that charging an inmate with a major misconduct, even "when the charges are subsequently determined to be unfounded" and the inmate is found not guilty of the violation, is an adverse action that could deter a person of ordinary firmness from exercising his First Amendment rights. *King v. Zamiara*, 150 F. App'x 485, 493-94 (6th Cir. 2005).

In this case, just as in *Garcia*, the civil infraction the defendant issued the plaintiff may only have been a "petty offense[,]" but it had "concrete consequences." *Garcia*, 348 F.3d at 729. The scheduled fine for the obstruction citation is $100 and two points are added to the driving record, which is substantially more serious than the $35 that was at stake in *Garcia*. True, the defendant issued a fix-it ticket, which would have allowed the plaintiff to avoid paying the fine by removing the sign from his rear window. But being offered the choice between paying a fine or ceasing to engage in protected speech does not make the action any less adverse.

The defendant argued to the magistrate judge that the issuance of a ticket that is later admitted to be in error would not chill a person of ordinary firmness in exercising his First Amendment rights, and that the plaintiff legitimately was required to go to court to address the seatbelt violation in any event. The defendant contends that the plaintiff did not actually suffer an injury as a result of the issuance of the instruction ticket. On these points, the analogy to *King* is instructive, and suggests that the fact that the plaintiff's civil infraction was dismissed is not

dispositive.  It is the burden of having to engage the judicial machinery that is the deterrent in the First Amendment analysis.

The defendant also compares this case to *Wurzelbacher* and argues that the injury here is similarly *de minimis*.  However, the injury in *Wurzelbacher* — in which the plaintiff alleged that employees of state agencies conducted improper database searches on his name — is significantly different than the injury in this case.  The plaintiff in *Wurzelbacher* was not subjected to the threat of a fine or any other penalties, as was the plaintiff here.  The defendant also points to the Sixth Circuit's observation in *Wurzelbacher* that the plaintiff did "not allege that defendants' actions in fact caused a 'chill' of his First Amendment rights."  *Wurzelbacher*, 675 F.3d at 584.  However, the Sixth Circuit has never required that an individual plaintiff actually be chilled in the exercise of his First Amendment rights to succeed on a retaliation claim.  *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 822 (6th Cir. 2007).

The Sixth Circuit has held that "all that is required to reach a jury on the issue of whether the retaliatory actions could deter a person of ordinary firmness from engaging in protected conduct" is "evidence . . . sufficient to demonstrate that the claimed retaliatory acts were not merely *de minimis* acts of harassment."  *Bell*, 308 F.3d at 606-07.  There is sufficient evidence in this record to establish the adverse action element of the plaintiff's claim.

III.

The Court agrees that the evidence of causation is scant and the question is close.  However, there is sufficient evidence in the record to allow a jury to make that call.  The Court, therefore, respectfully disagrees with the magistrate judge and finds that the plaintiff's objections have merit. Fact questions preclude summary judgment.

-12-

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #25] is **REJECTED**.

It is further **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation [dkt. #26] are **SUSTAINED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt. #20] is **DENIED**.

It is further **ORDERED** that the previous reference order [dkt. #4] is **VACATED**.

It is further **ORDERED** that counsel for the parties appear before the Court for a status conference to establish additional case management dates on **April 1, 2013 at 4:30 p.m.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 13, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 13, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL
